J-A03019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF LOTTIE IVY DIXON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: GEORGE F. DIXON, III AND RICHARD E. DIXON | No. 591 MDA 2014 |

Appeal from the Order Entered March 10, 2014
In the Court of Common Pleas of Cumberland County
Orphans' Court at No: 21-07-0686

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED MAY 28, 2015**

Appellants, George F. Dixon, III, and Richard Dixon, appeal the Orphans' Court's March 10, 2014 order sustaining in part and overruling in part their objections to a first partial account of the Trust Under Revocable Agreement with Lottie Ivy Dixon (the "Trust").  We quash.

The Settlor, Lottie Ivy Dixon (the "Settlor"), executed the Lottie Ivy Dixon Revocable Trust (the "Trust") on August 19, 1985.  The Trust beneficiaries were the Settlor's four children, including Appellants.  Settlor died on June 28, 2007.  On June 26, 2013, Appellee/Trustee M&T Bank ("Trustee") filed a First and Partial Account of the Trust (the "Account").  The

_____

[*] Former Justice specially assigned to the Superior Court.

Account revealed $1,882,174.01 in principal and $929,323.73 in income was distributed to Settlor during her lifetime. The Trust's only remaining asset was $11,486.72 in income. On July 26, 2013, Appellants filed seventeen objections to the Account. On September 13, 2013, Trustee filed a motion to strike the objections, arguing Appellants had no standing to challenge distributions made during the Settlor's lifetime because Trustee owed no duty to Appellants until after her death. The orphans' court heard oral argument on October 25, 2013 and issued the order on appeal on March 10, 2014. The orphans' court overruled fifteen of Appellants' seventeen objections. It referred the matter to Trustee to provide an explanation for minor corrections concerning the distributions identified in the remaining two objections, after which the account could be confirmed. Appellants filed a timely notice of appeal on April 1, 2014.

Trustee filed a motion to quash the appeal on May 8, 2014, arguing the March 10, 2014 is not a final, appealable order. Our first task, therefore, is to determine whether we have jurisdiction over this appeal. Rule 342 of the Pennsylvania Rules of Appellate Procedure provides that an order confirming an account is appealable as of right. Pa.R.A.P. 342(a). The order on appeal did not precisely confirm the account. The orphans' court explained:

> Orphans' Court Rule 6.1(a) provides, in relevant part, that an account must specify '[t]he dates of all receipts, disbursements and distributions, the sources of the receipts, and the persons to whom disbursements and distributions are made

- 2 -

> and the purpose thereof shall be stated …' (emphasis added). Here, there are two substantial distributions listed as 'Lottie I. Dixon – Distribution' in the amounts of $1,504,230.00 and $167,700.00 with no explanation of the purpose of the distributions. In accordance with the Rules, the court will sustain [Appellants'] objections to these two entries in the accounting and refer the matter back to M&T to provide an explanation for the purpose of those two distributions. **Following this minor correction, the accounting may be confirmed without the appointment of an auditor.**

Orphans' Court Opinion, 3/7/14, at 4 (bolded emphasis ours, underscoring added by the orphans' court).[1] As the orphans' court's opinion makes clear, the change was purely ministerial. Nonetheless, the orphans' court did not confirm the Account. Rather, it anticipated confirmation of a slightly revised account to be filed by the Trustee. Thus, the order on appeal is not final within the meaning of Rule 342(a)(1), nor does it fit under any other subsection of Rule 342(a). We therefore lack jurisdiction to entertain this appeal.[2]

---

[1] Appellants represent that the Trustee made the correction and filed the revised account on May 15, 2014 (Appellants' Brief at 14). The revised account is not part of the certified record, nor do we have any indication whether the orphans' court found the revisions acceptable.

[2] We are cognizant that the issues briefed and argued in this appeal will arise again as soon as the orphans' court enters a final order confirming the revised account. The expense of judicial resources and duplicative effort on the part of counsel is regrettable, but we lack discretion to overlook the jurisdictional flaw in Appellants' appeal. The record does not explain why Appellants failed to await an appealable final order.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/28/2015